UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| KEVIN CHANDLER, ) <br> ) <br> Petitioner, ) <br> vs. ) <br> ) <br> SUPERINTENDENT BROWN, ) <br> ) <br> Respondent. ) | Case No. 2:13-cv-372-JMS-WGH |

**Entry Discussing Petition for Writ of Habeas Corpus**

The petition of Kevin Chandler for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. WVD-13-07-0114. For the reasons explained in this Entry, Chandler's habeas petition must be **denied**.

**A. Standard of Review**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974).

**B. The Disciplinary Proceeding**

On July 23, 2013, Officer M. Kolhouse of the Wabash Valley Correctional Facility wrote

a Report of Conduct in case number WVD-13-07-0114 ("conduct report") charging Chandler with possession of an electronic device. The conduct report states the following:

> On 7/23/13 while conducting a targeted cell search of Q103, which houses offender Chandler, Kevin 138734, I c/o M. Kolhouse did locate what appeared to be a sim card from an ATT cell phone. The SIM card was located in a greeting card that was sitting on offender Chandler's sink.

A Notice of Confiscated Property, which was attached to the conduct report, contained a photograph of the SIM card.

On July 29, 2013, Chandler was notified of the charge of possession of an electronic device and served with the Notice of Disciplinary Hearing (Screening Report) ("screening report"). The screening report notified Chandler of his rights. Chandler pled not guilty and requested 24-hours' notice of his hearing. He requested a lay advocate but declined the right to call any witnesses. Chandler requested physical evidence in the form of "copies of grievance paperwork [he filed] on Officer Kolhouse; [and] copies of letters to Superintendent and Major regarding this." His hearing was to be held July 30, 2013, at the earliest. On July 31, 2013, Chandler was notified that he was required to provide facility officials with the case numbers for the grievance documents he was seeking. Based upon Chandler's request for grievance paperwork, his hearing was postponed until August 8, 2013, at the latest. On August 8, 2013, the hearing was postponed a second time at Chandler's request.

On August 13, 2013, a hearing officer conducted a disciplinary hearing in Chandler's case. Officer Boroughs agreed to serve as Chandler's lay advocate. During the hearing, Chandler provided the following statement:

> I didn't have anything. This officer and I have had problems in the past. I have told on him for skipping shower and for PREA case

At the conclusion of the proceeding, the hearing officer found Chandler guilty of the charge of possession of an electronic device. The hearing officer relied upon staff reports; Chandler's statement; the Notice of Confiscated Property form; and the SIM card itself. Chandler's request for evidence was denied by the hearing officer as "irrelevant to the conduct report." At the end of the hearing and based upon the hearing officer's recommendations, the following sanctions were imposed: a written reprimand; a one-month loss of commissary privileges; and a 60-day deprivation of earned credit time. Chandler appealed the imposition of these sanctions to the head of the Wabash Valley Correctional Facility, and the appeal was denied on September 19, 2013. Chandler appealed to the final reviewing authority within the Indiana Department of Correction, which denied his appeal on October 1, 2013.

### C. Chandler's Claims

Chandler provides three bases for his claim for habeas relief: 1) he was denied his right to due process because he "was suppose[ed] to receive [his] sanction and rest of [his] information to this case in the mail"; 2) prison officials committed a procedural error and violated due process when evidence Chandler requested during his screening was not admitted; and 3) "[m]ore officers [were] shaking [his] cell down and surprisingly Office[r] Kolhouse is the only person that found a SIM card with no [witnesses]."

    1. *Receipt of a Copy of his Sanction*

Chandler first alleges that his right to due process was denied because he did not receive his sanction and the rest of his information on his case in the mail. He asserts that this hindered his appeal because he had to file his appeal before he received this information. But Chandler does not argue that he was unable to appeal and does not show that even if he did not have all of the information he wanted to appeal that this violated any of the procedural safeguards required to

satisfy the right to due process discussed above. *See Hill,* 472 U.S. at 454. Chandler does not identify any claim for relief that was procedurally defaulted as a result of this situation. To the extent that Chandler argues that the fact that he did not receive copies of documents related to his disciplinary hearing and sanction in the mail violated Department of Correction policy, this does not support the award of federal habeas relief because violations of Department of Correction's policy do not entitle anyone to habeas relief. *Colon v. Schneider*, 899 F.2d 660, 672–73 (7th Cir. 1990); *Evans v. McBride*, 94 F.3d 1062 (7th Cir.1996); *see also Del Vecchio v. Illinois Dept. of Corrections*, 31 F.3d 1363, 1370 (7th Cir. 1994) (habeas corpus jurisdiction is limited to evaluating alleged violations of federal statutory or constitutional law), *cert. denied*, 516 U.S. 983 (1995).

2. *Denial of Evidence*

Chandler next asserts that he was deprived of his right to due process because the evidence he requested was not admitted during his hearing. Chandler's request for copies of grievances he filed against Officer Kolhouse and letters he wrote to the Superintendent regarding Officer Kolhouse was denied as irrelevant to the conduct report.

A prisoner has a limited right to present witnesses and evidence in his defense, consistent with correctional goals and safety. *Wolff,* 418 U.S. at 566. A hearing officer has considerable discretion with respect to witness and evidence requests, and may deny requests that threaten institutional safety or are irrelevant, repetitive, or unnecessary. *Piggie v. Cotton,* 342 F.3d 660, 666 (7th Cir. 2003). Furthermore, due process only requires access to witnesses and evidence that are exculpatory. *Rasheed–Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992). "Exculpatory" in this context means evidence that "directly undermines the reliability of the evidence in the record pointing to [the prisoner's] guilt." *Meeks v. McBride,* 81 F.3d 717, 721 (7th Cir. 1996). The denial

of the right to present evidence will be considered harmless, unless the prisoner shows that the evidence could have aided his defense. *See Jones v. Cross,* 637 F.3d 841, 847 (7th Cir. 2011).

Chandler asserts that he sought the evidence at issue to show malice toward him from Officer Kolhouse. Chandler did assert at the hearing that "this officer and I have had problems in the past. I have told on him for skipping showers and for PREA case." To this extent, the evidence Chandler sought would have been repetitive of his own assertions. His grievances and letters therefore would not have added to his defense. In addition, based on the documents filed with Chandler's petition, it appears that some of those documents were supplied to him. (*See* Petition at 6-11). Because the evidence Chandler alleges was denied was irrelevant and would not have changed the outcome of his disciplinary proceeding, Chandler was not denied due process.

3. *Sufficiency of the Evidence*

Finally, Chandler argues that "[m]ore officers [were] shaking [his] cell down and surprisingly Office[r] Kolhouse is the only person that found a SIM card with no [witnesses]." This argument amounts to a challenge to the sufficiency of the evidence against him. The sufficiency of the evidence is not subject to dispute here, however, given the reporting officer's clear narrative account of a very simple incident. *See Henderson v. United States Parole Comm'n,* 13 F.3d 1073, 1077 (7th Cir. 1993) (a federal habeas court "will overturn the [hearing officer's] decision only if no reasonable adjudicator could have found [the petitioner] guilty of the offense on the basis of the evidence presented."). It is well settled that a conduct report alone may provide "some evidence" of guilt." *See McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999). Here, the evidence against Chandler included the conduct report, the Notice of Confiscated Property, and a photograph of the SIM card. Due process requires only "some evidence" to support the hearing officer's decision. *Hill*, 472 U.S. at 454. Chandler's challenge to the evidence is not enough

to overturn the hearing officer's decision. This is the case despite the fact that the evidence may have led to a different conclusion. *See id.* at 457 ("The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board.").

## D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Chandler to the relief he seeks. Accordingly, his petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

The **clerk shall** amend the docket to reflect the petitioner's address as identified in the distribution of this Entry.

**IT IS SO ORDERED.**

Date:  October 8, 2014

*[Signature: Jane Magnus-Stinson]*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

KEVIN CHANDLER
138734
Wabash Valley Correctional Facility
6908 S. Old US Hwy 41
Carlisle, IN 47838

**Note to Clerk: Processing this document requires actions in addition to docketing and distribution.**